UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON B.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C21-372-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING**

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found cervical and lumbar degenerative disc disease, anxiety disorder, depressive disorder, neurocognitive disorder, somatic symptom disorder, and attention-deficit hyperactivity disorder are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work subject to a series of further limitations, and is not disabled because he can perform jobs in the national economy. Tr. 17-39.

Plaintiff contends the ALJ misevaluated two medical opinions and failed to give valid reasons to discount Plaintiff's testimony. Dkt. 11. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

The Court may reverse the Commissioner's denial of Social Security benefits only if the ALJ's decision is legally erroneous or not supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

A.      **Medical Opinions**

Under 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c), the ALJ is required to articulate the persuasiveness of each medical opinion and explain how the ALJ considered the supportability and consistency factors regarding each opinion. Because the ALJ must specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion, the ALJ must provide specific and legitimate reasons for the Court to review in rejecting a doctor's opinions. *See, e.g., Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Additionally, the ALJ's analysis must be supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us.").

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING - 2

Plaintiff challenges the ALJ's determinations regarding the opinions of two medical sources, which are discussed in turn.

### 1.     Lars Kaine, M.D.

Dr. Kaine opined Plaintiff "could perform sedentary work on an occasional basis but would not be capable of performing it consistently on a full-time basis (i.e., eight-hour days, 40-hour weeks) due to neck pain, back pain, and cognitive changes." Tr. 33. The ALJ found Dr. Kaine's opinion "not persuasive." *Id*.

The ALJ first discounted Dr. Kaine's opinion on the ground "Dr. Kaine provided no support for it in terms of specific objective findings or functional limitations that would prevent the claimant from attending to sedentary work on a full-time basis, or even performing light work with lifting of 20 pounds or less." Tr. 33. Instead, the ALJ indicated, Dr. Kaine noted Plaintiff's "ongoing complaints about pain and cognition." *Id*. The ALJ's finding lacks evidentiary support for two reasons. First, the record indicates Dr. Kaine found Plaintiff to be a "credible historian." Tr. 1419. Because Dr. Kaine personally treated Plaintiff over the course of several years and did not indicate he found Plaintiff to be untruthful, there is no evidentiary basis for rejecting the opinion based on Plaintiff's own complaints. *Cf. Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"). Second, Dr. Kaine indicated he was familiar with Plaintiff's medical record. *See* Tr. 1419 (noting Plaintiff's medication treatment, surgical history, "23 sessions of cognitive communication therapy," and "consistent follow-up with psychiatry"). Accordingly, Dr. Kaine's opinion was not made in a vacuum; rather, the record reflects it was

informed by his personal treatment of Plaintiff and his knowledge of Plaintiff's medical history. The ALJ accordingly erred by discounting Dr. Kaine's opinion on this ground.

The ALJ also discounted Dr. Kaine's opinion as inconsistent with "the longitudinal record," to include Plaintiff's "generally normal gait and coordination, some mild weakness in the right shoulder girdle and upper arm with overall normal strength and well-developed musculature, intermittent but not chronic para-spinal tenderness, mild lumbar imaging, and grossly normal manipulative abilities" and "largely unremarkable" cognitive findings. Tr. 33. The ALJ's finding is flawed in two respects. First, the ALJ failed to cite to the record when detailing evidence, the ALJ found inconsistent with Dr. Kaine's opinion. It is not the job of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). Second, the findings on which the ALJ relies are not inconsistent with Plaintiff's neck and back pain, which, together with "cognitive changes," formed the basis for Dr. Kaine's opinion. To the extent the ALJ found uncited "largely unremarkable" cognitive findings inconsistent with Dr. Kaine's opinion, the ALJ failed to explain the inconsistency. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating his conclusions, an ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). The ALJ accordingly erred by discounting Dr. Kaine's opinion on this ground.

    2.    ***Rick Rieger, PT***

Mr. Rieger opined Plaintiff "could sit for three to four hours in an eight-hour workday and stand/walk for six hours, and that he would need to avoid sitting continuously, getting up to walk around for five minutes every one or two hours," "could lift and carry up to ten pounds occasionally, could never carry in the range of ten to 20 pounds, and could lift up to 20 pounds

never to occasionally," had "moderate left and marked right limitations with fine motor activity and reaching overhead and moderate limitation handling on the right side," and had "further limitations with competitive full-time work and sustaining a normal break schedule." Tr. 36. The ALJ found the need for a sit/stand option persuasive but found unsupported "restricting the claimant below a standard range of sitting up to six hours in a workday." *Id*.

The ALJ stated Mr. Rieger is not an acceptable medical source. *Id.* The Commissioner agrees the statement is inconsistent with the new regulations, and thus not grounds to reject the opinion. Dkt. 12 at 10. However, the Commissioner argues the ALJ gave other valid reasons to discount portions of Mr. Rieger's opinion. The ALJ rejected Mr. Rieger's sitting limitation finding Plaintiff "was observed to sit without pain behaviors." Tr. 36. That Plaintiff was seen sitting without pain does not contradict Mr. Rieger's opinion. Mr. Rieger opined Plaintiff could sit for three to four hours in an eight-hour workday as long as he could get up every "1-2 hours." Tr. 1338. Mr. Rieger never suggested Plaintiff could not sit at all as the ALJ's finding suggests and the record does not indicate Plaintiff was observed sitting an hour or two without pain.

The ALJ also found Plaintiff's "grossly normal strength" supports a finding Plaintiff can lift and carry 20 pounds occasionally in contrast to Mr. Rieger's opinion Plaintiff should not lift or carry that weight. Tr. 26. Mr. Rieger opined Plaintiff could lift 10-20 pounds checking "never" and "occasionally." Tr. 1338. Given this opinion, the ALJ reasonably found Plaintiff has the RFC to lift 20 pounds occasionally. The ALJ also noted Plaintiff was found to have intermittent weakness in the upper arm and should girdle but despite this finding had consistently normal 5/5 strength in the other extremities which is inconsistent with being limited to sedentary work. Tr. 36. While the strength findings are susceptible to more than one interpretation, the Court cannot

say the ALJ's interpretation is unreasonable. The Court accordingly declines to disturb the ALJ's finding in this regard.

The ALJ also discounted the limitations Mr. Rieger assessed regarding Plaintiff's manipulative abilities as "non-specific." *Id.* The record does not support the finding. Mr. Rieger specifically opined Plaintiff's ability to grasp, turn and twist objects was moderately limited in both extremities and that his use of fingers and hands for fine manipulation was marked in the right. Tr. 1339. The ALJ accordingly erred in this regard.

**B.    Plaintiff's Testimony**

The ALJ found the objective medical evidence established Plaintiff has underlying impairments that could cause the symptoms he alleged and did not find malingering. The ALJ was thus required to provide "specific, clear, and convincing" reasons supported by substantial evidence to discount Plaintiff's testimony. *Trevizo*, 871 F.3d at 678.

The ALJ discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr. 22. However, because the ALJ erred in assessing Dr. Kaine's and Mr. Rieger's opinions as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ also discounted Plaintiff's testimony as inconsistent with his activities. The ALJ found Plaintiff "retains abilities to drive, attend events requiring his attention for extended periods, and perform necessary daily activities," such as "walking [his] children to school five blocks away" and "shop[p]ing for groceries with his young children." Tr. 31-32. These minimal activities, however, do not undercut Plaintiff's claims. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does

1 not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d
2 597, 603 (9th Cir. 1989)); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a
3 disability claimant need not "vegetate in a dark room" in order to be deemed eligible for
4 benefits). The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

**C.    Constitutional Claims**

In his Reply brief, Plaintiff contends the ALJ and Appeals Council lacked the authority to consider Plaintiff's disability application because the Commissioner of Social Security was unconstitutionally appointed. Plaintiff could have but did not raise the argument, which is based upon a 2020 Supreme Court decision, in his opening brief. As such, the Court normally would be disinclined to address it. However, the Court declines to address it for another reason. As discussed above, there are other independent grounds to reverse the Commissioner's final decision and the Court accordingly need not address the constitutional claim. *See, e.g.*, *Copeland v. Ryan*, 852 F.3d 900, 905 (9th Cir. 2017) (Court of Appeals declined to consider violation of the Eleventh Amendment where matter could be resolved on other independent grounds).

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate, as discussed above, the opinions of Dr. Kaine and Mr. Rieger, Plaintiff's testimony, and shall also develop the record and redetermine the RFC as needed and proceed to the remaining steps as appropriate.

/

/

/

DATED this 9th day of August 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING - 8